TEAL & MONTGOMERY
STEVEN O. TEAL (Bar No. 58454)
MICHAEL S. HENDERSON (Bar No. 175608)
815 Fifth Street, Suite 200
Santa Rosa, California 95404
Telephone: (707) 525-1212
Facsimile: (707) 544-1388

ATTORNEYS FOR PLAINTIFF

E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ROBERT HEIDINGSFELDER,

    Plaintiff,

vs.

ALLIED WASTE INDUSTRIES, INC.
GROUP LONG TERM DISABILITY PLAN,
and DOES 1 through 100, inclusive,

    Defendants.

Case No. CV 08 3116 SI

**COMPLAINT FOR BENEFITS UNDER 29 U.S.C. § 1132**

Plaintiff ROBERT HEIDINGSFELDER ("HEIDINGSFELDER"), by and through his attorneys, for his complaint against defendants alleges as follows:

### I.

### JURISDICTION

1. This action arises under the Employer Retirement and Income Security Act ("ERISA") 29 U.S.C. § 1001 et. seq., as hereafter more fully alleged. This is an action for disability benefits owed to HEIDINGSFELDER under a benefit plan governed by ERISA.

///

///

II.

PARTIES

2. Plaintiff is an individual residing in Santa Rosa, California. At all times relevant herein, plaintiff was employed by Allied Waste Industries, Inc. ("ALLIED").

3. Upon information and belief, defendant ALLIED WASTE INDUSTRIES, INC. LONG TERM DISABILITY PLAN ("LTD PLAN") was the employee benefit plan sponsored by ALLIED. The precise name of the LTD disability plan is not stated in the insurance policy issued to underwrite the plan and therefore is alleged upon information and belief.

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 100, inclusive, are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to show their true names and capacities when the same have been ascertained.

5. At all time herein mentioned, each of the defendants herein named as a DOE was, and still is, legally responsible in some manner for the events and happenings herein referred to, and legally caused all the injuries and damages to plaintiff as herein alleged.

6. At all times herein mentioned, defendants, and each of them, named herein as DOES 1 through 50, were the agents, servants and/or employees of each of the other, acting within the course and scope of their agency and/or employment. To the extent that DOES 1 through 50 were not acting in the capacity of an agent, servant or employee, they are sued herein in their individual capacities.

III.

FACTUAL ALLEGATIONS

7. As an employee of ALLIED, HEIDINGSFELDER was eligible for, and at all times relevant herein, participated in the LTD PLAN. The LTD PLAN is an employee benefit plan subject to the requirements and protections of ERISA in that it is a fund or plan established or maintained by ALLIED for the purpose of providing disability benefits to participating

employees. As a plan participant, HEIDINGSFELDER was eligible for benefits pursuant to the terms and conditions set forth in the LTD PLAN.

8. Under the terms of the LTD PLAN, employees are eligible for benefits equal to 60% of their pre-disability earnings to a maximum of age 65 in the event of a disability. Disability is defined as the inability to perform, with reasonable continuity, the material duties of the employee's own occupation, resulting in a loss of at least 20% of the employee's indexed pre-disability earnings. After 24 months, this definition changes to require the employee to be unable to perform with reasonable continuity, the material duties of any occupation which the employee is able to perform due to education, training, or experience, and in which he or she can be expected to earn at least 60% of their indexed pre-disability earnings.

9. Plaintiff is unable to determine at this time who is the named plan administrator for the LTD PLAN. This information is not contained in the disability policy issued to underwrite the LTD PLAN. The disability policy is issued by Standard Insurance Company and, pursuant to its terms, claims are administered by Standard Insurance Company.

10. HEIDINGSFELDER was a sales manager for ALLIED, working a sedentary to light level occupation involving frequent travel, neck rotation, and lifting up to 20 pounds. On or about May 10, 2006, HEIDINGSFELDER suffered a disabling injury to his neck.

11. HEIDINGSFELDER'S LTD benefits were initially approved by Standard Insurance Company and he began receiving monthly payments.

12. On or about November 6, 2007, HEIDINGSFELDER'S were terminated. The decision to terminate benefits was based upon provisions of the LTD PLAN which limit payments to 12 months for disabilities caused or contributed to by "Other Limited Conditions." The LTD PLAN defines "Other Limited Conditions" to mean, among other things, "diseases or disorders of the cervical, thoracic, or lumbosacral back and its surrounding soft tissue, and sprains or strains of joints or muscles." The LTD PLAN states that "Other Limited Conditions" does not include certain specified conditions, including among others, "herniated discs with neurological abnormalities that are documented by electromyogram and computerized

tomography or magnetic resonance imaging."

13. HEIDINGSFELDER disability was caused by severe neck pain which caused intermittent numbness and weakness in his upper extremity. MRI studies demonstrated herniated discs, at least one of which protruded upon and made contact with the spinal cord. This condition qualifies as a herniated disc with neurological abnormalities documented on magnetic resonance imaging and, therefore, HEIDINGSFELDER is entitled to have his LTD benefits paid beyond the 12 month limitation in the LTD PLAN.

14. HEIDINGSFELDER appealed the termination of his benefits. His appeal was rejected and the decision to limit his benefits to 12 months was confirmed.

## IV.

## FIRST CAUSE OF ACTION

### (Claim for Benefits - 29 U.S.C. § 1132 (a)(1)(B))

15. Plaintiff incorporates by reference each and every allegation set forth above in this Complaint.

16. Section 1132(a)(1)(B) of ERISA authorizes plan participants and/or beneficiaries to bring an action to recover benefits, to enforce their rights under the plan.

17. HEIDINGSFELDER has exhausted his right to appeal the termination of his benefits and, therefore, he is entitled to seek recourse with this court.

18. Defendants have wrongfully, and in breach of their fiduciary duty to HEIDINGSFELDER, terminated his benefits and refused to pay further benefits due and owing under the LTD PLAN.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them as follows:

1. An award of past due benefits under the plan, with interest;

2. An order compelling defendants to reinstate HEIDINGSFELDER benefits and to forthwith begin paying those benefits to the maximum of age 65, or until HEIDINGSFELDER is no longer disabled, whichever occurs first;

3. Prejudgment interest;

4. Attorney's fees and costs of suit incurred herein; and

5. Such other and further relief as this court may deem proper and just.

DATED: June 10, 2008                TEAL & MONTGOMERY

                                     By: _____
                                     MICHAEL S. HENDERSON
                                     Attorney for Plaintiff